USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -X
                             :

FUNMI ADE,                             :           13 Civ. 2334 (WHP)

              Plaintiff,           :           MEMORANDUM & ORDER

            -against-              :

UNITED STATES OF AMERICA,       :

             Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

       Plaintiff pro se Funmi Ade brings this action for judicial review of a determination by the U.S. Department of Agriculture (USDA) to disqualify her store from the Supplemental Nutrition Assistance Program (SNAP).  The United States moves to dismiss the case, or in the alternative, for summary judgment.  For the following reasons, the Government's motion to dismiss is granted.

BACKGROUND

       The USDA and its agency, the Food and Nutrition Service (FNS), administer SNAP, better known as the food stamp program.  SNAP's purpose is to "promote the general welfare" and "safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households."  7 U.S.C. § 2011.  Households may use SNAP benefits to purchase eligible items at participating stores.  7 U.S.C. § 2013.  SNAP benefits are disbursed in beneficiaries' accounts and spent with Electronic Benefits Transfer cards, which are swiped at participating stores.  7 U.S.C. § 2016(h); 7 C.F.R. § 274.2.  The Government than pays the store the value of the benefits.  7 U.S.C. § 2019.  SNAP benefits may only be used to

-1-

purchase certain items.  For example, they cannot be used to buy certain hot foods, alcohol, or tobacco, and they cannot be exchanged for cash.  7 C.F.R. § 278.2.

        To ensure compliance with the program's regulations, a store must apply to the FNS for authorization to participate.  7 C.F.R. § 278.1.  After approval, the FNS may disqualify a store from further participation if it fails to comply.  7 C.F.R. § 278.6.  "Trafficking" SNAP benefits is defined as "[t]he buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards . . . for cash."  A store may be permanently disqualified from the SNAP program for a single trafficking violation. 7 U.S.C. § 2021; 7 C.F.R. § 278.6(e)(1).

        Plaintiff Funmi Ade is the owner of the Wonderful African and Caribbean Market, a grocery store in the Bronx.  Administrative Appeal Record ("A.R.") 1.[1]  Ade applied to participate in SNAP in July 2009.  Thomas Decl. Ex. B (ECF No. 21-3).  In her application, Ade certified she was "aware that violations of program rules can result in administrative actions such as fines, sanctions, withdrawal or disqualification from the Food Stamp Program," and that she "accept[ed] responsibility on behalf of the firm for violations of the Food Stamp Program regulations, including those committed by any of the firm's employees."  Thomas Decl. Ex. B. Her store became an authorized SNAP vendor in December 2011.  A.R. 1.

        In January 2012, a month after Ade's store was authorized, a confidential informant visited the store four times under the supervision of an FNS investigator.  A.R. 11. The informant twice exchanged SNAP benefits for cash and also purchased several ineligible items, including cocoa butter, antiseptic spray, soap, toilet paper, detergent, and bleach.  A.R. 11-

---

[1] The Administrative Appeal Record is Exhibit A to the Declaration of Denise Thomas (ECF Nos. 21-1 & 21-2).

23.  By letter dated September 17, 2012, the FNS informed Ade of the violations.  A.R. 8-10.
The letter stated that the sanction for the trafficking violations – the exchange of benefits for cash
– is permanent disqualification, but that Ade may be able to show she was instead eligible to pay
a civil money penalty if she had implemented an effective compliance policy.  A.R. 8.

Responding to the FNS by letter dated September 27, 2012, Ade asserted  that the
violations were committed by a former employee, that Ade was not aware of the violations, and
that she was very sorry they occurred.  A.R. 25.  The FNS informed Ade by letter dated October
4, 2012 that her store would be permanently disqualified from SNAP.  A.R. 30-31.  FNS
informed Ade that it had determined her store was not eligible for a civil money penalty in lieu
of disqualification because she had not submitted sufficient evidence of an effective compliance
policy.  The letter advised Ade of her right to appeal the decision to the FNS's Administrative
Review Branch.

Ade appealed the decision.  A.R. 33.  She sent the Administrative Review Branch
a letter stating she was very sick at the time of the violations and had hired an individual to tend
the store while she recovered.  Ade also advised the Administrative Review branch that the
violations occurred despite the fact Ade instructed her temporary employee on SNAP
regulations.  Ade pledged to comply with SNAP guidelines in the future and implored the FNS
to reconsider its decision, as her store primarily serves immigrants who are SNAP beneficiaries
and might not be able to stay in business if it were disqualified.  She included a letter from her
doctor confirming she was under medical supervision at the time of the violations.  A.R. 34.  The
FNS Administrative Review Branch responded in an October 18, 2012 letter and invited Ade to

provide additional information.  A.R. 38.  It does not appear Ade provided anything further to the Administrative Review Branch.

On March 4, 2013, the Administrative Review Branch issued its final decision sustaining Ade's store's permanent disqualification from SNAP.  A.R. 45-52.  The decision informed Ade she had the right to appeal the decision in state or federal court by filing a complaint within 30 days of her receipt of the decision.  A.R. 51-52.  Ade received the final agency decision on March 5, 2013.  A.R. 54.  She filed this action on April 5, 2013.

<u>DISCUSSION</u>

FNS's determinations are subject to judicial review if a complaint is filed within 30 days of receipt of the final agency decision.  7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279.7(a).  Because Ade received the decision on March 5, 2013, her complaint was due April 4.  This action was filed one day late.  One court has found that the 30-day window in 7 U.S.C. § 2023(a) is subject to equitable tolling.  <u>See</u> <u>Dunne v. U.S. Dep't of Agric.</u>, Civ. No. 91-0022, 1991 WL 42573, at *2 (E.D. La. Mar. 22, 1991); <u>see also</u> <u>Calderon v. U.S. Dep't of Agric.</u>, 756 F. Supp. 181, 186 (D.N.J. 1990) (considering the possibility of equitable tolling but not deciding the issue).  However, the majority of courts, including those in this district, have found that 7 U.S.C. § 2023(a) is a jurisdictional provision constituting a limited waiver of sovereign immunity and is not subject to tolling.  <u>See</u> <u>Gonzalez v. U.S. Dep't of Agric.</u>, No. 12 Civ. 7932 (RA), 2013 WL 4452842, at *2-3 (S.D.N.Y. Aug. 26, 2013); <u>Mendez & DeJesus Grocery Store v. U.S. Dep't of Agric.</u>, No. 97 Civ. 1099 (RO), 1997 WL 250458, at *2 (S.D.N.Y. May 12, 1997); <u>Gonzalez v. United States</u>, 675 F. Supp. 2d 260, 264-65 (D.R.I. 2009); <u>United States v. Lancman</u>, No. Civ. 4-

95-880 JRT/RLE, 1998 WL 315346, at *5-6 (D. Minn. Jan. 20, 1998); Reason v. Heslin, 723 F. Supp. 1309, 1311-12 (S.D. Ind. 1989).

A harsh penalty – permanent disqualification for violations by a single employee over a short time period – is compounded here by a harsh rule that cuts off the possibility of review because a pro se complaint was filed one day too late.  The harshness of the filing period, though not the penalty, is mitigated by the low probability of success Ade would have if this action continued.  Where, as here, a plaintiff concedes that violations occurred, "the sole issue for the court is whether the penalty was arbitrary or capricious."  Nagi v. U.S. Dep't of Agric., No. 96 Civ. 6034 (DC), 1997 WL 252034, at *2 (S.D.N.Y. May 14, 1997); see also Lugo v. United States, No. 08 Civ. 2960 (RJS), 2009 WL 928136, at *3 (S.D.N.Y. Mar. 30, 2009).  "An agency's action is arbitrary and capricious if it was 'unwarranted in law or without justification in fact.'"  Nagi, 1997 WL 252034, at *2 (quoting Ai Hoa Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987)).  "If the agency has followed its guidelines, however, the reviewing court may not overturn the decision as arbitrary and capricious."  Nagi, 1997 WL 252034, at *2.

There is no doubt that the FNS is authorized to disqualify a store from SNAP permanently for even a single trafficking violation.  See 7 U.S.C. § 2021.  Ade would therefore have been extremely unlikely to prevail in this action.  But that does not mean the result here is just.  Permanent disqualification for limited violations committed by a rogue employee while Ade was under medical supervision is a callous penalty.  As Ade states, most of her clientele are immigrants who depend on SNAP benefits.  Permanent disqualification may well be a death sentence for her small business.  With the assistance of counsel, perhaps Ade could have shown

she had implemented an effective compliance policy and therefore qualified for a civil money penalty in lieu of permanent disqualification.  Instead, Ade chose not to deny the violations, fired the employee, asked the FNS for forgiveness, and trusted that good sense would prevail.  That did not happen.

In this Court's humble view, the USDA would be well advised to reexamine its administrative penalties.  The deterrent effect in a case such as this pales in comparison to the damage wrought on a well-intentioned but imperfect small business owner and the underserved community which depended on her small grocery.  Regrettably, this Court has no jurisdiction to hear this appeal.

CONCLUSION

The Government's motion to dismiss is granted.  The Clerk of Court is directed to terminate all pending motions and mark this case closed.

Dated: March 31, 2014
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copy to:*

Funmi A. Ade
1249 College Avenue, 1st Floor
Bronx, NY 10456
*Plaintiff Pro Se*

-6-

Jessica J. Hu, Esq.
United States Attorney's Office
Southern District Of New York
86 Chambers Street, Third Floor
New York, NY 10007
*Counsel for United States*